**FILED**
November 21, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____Julie Golden_____
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JORDAN ROUTH, derivatively on behalf of CROWDSTRIKE HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE KURTZ, BURT W. PODBERE, ROXANNE S. AUSTIN, CARY J. DAVIS, JOHANNA FLOWER, SAMEER K. GANDHI, DENIS J. O'LEARY, LAURA J. SCHUMACHER, GODFREY R. SULLIVAN, and GERHARD WATZINGER, <br><br> Defendants, <br><br> and <br><br> CROWDSTRIKE HOLDINGS, INC., <br><br> Nominal Defendant. | Case No.: 1:24-cv-01031-RP |

*[Caption continued on following page]*

1

| | |
|---|---|
| ALISA ALFONSI, Derivatively on Behalf of CROWDSTRIKE HOLDINGS, INC., <br><br>Plaintiff, <br><br>v. <br><br>GEORGE KURTZ, BURT W. PODBERE, GERHARD WATZINGER, ROXANNE AUSTIN, CARY DAVIS, JOHANNA FLOWER, SAMEER GANDHI, DENIS O'LEARY, LAURA SCHUMACHER, and GODFREY SULLIVAN, <br><br>Defendants, <br><br>and <br><br>CROWDSTRIKE HOLDINGS, INC., <br><br>Nominal Defendant. | Case No. 1:24-cv-01075-RP |
| NATHAN SILVA, Derivatively on Behalf of Nominal Defendant CROWDSTRIKE HOLDINGS, INC., <br><br>Plaintiff, <br><br>v. <br><br>GERHARD WATZINGER, GEORGE KURTZ, ROXANNE AUSTIN, CARY DAVIS, JOHANNA FLOWER, SAMEER GANDHI, DENIS O'LEARY, LAURA SCHUMACHER, GODFREY SULLIVAN, MICHAEL SENTONAS, and BURT PODBERE, <br><br>Defendants, <br><br>and <br><br>CROWDSTRIKE HOLDINGS, INC., <br><br>Nominal Defendant. | Case No. 1:24-cv-01116-RP |

**ORDER GRANTING THE PARTIES' AGREED MOTION TO STAY AND
CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS,
AND GRANTING ADDITIONAL RELIEF REQUESTED BY
PLAINTIFFS AS TO WHICH DEFENDANTS TAKE NO POSITION**

Before the Court is the joint motion of nominal defendant CrowdStrike Holdings, Inc. ("CrowdStrike" or the "Company"), Gerhard Watzinger, Roxanne Austin, Cary Davis, Johanna Flower, Sameer Gandhi, Denis O'Leary, Laura Schumacher, Godfrey Sullivan, Michael Sentonas, and Burt Podbere (the "Individual Defendants" and, together with the Company, "Defendants"), and plaintiffs Jordan Routh, Alisa Alfonsi, and Nathan Silva (collectively, "Plaintiffs," and together with Defendants, the "Parties"), to consolidate the above-captioned cases and to stay them pending resolution of a related securities class action pending in this Court against the Company and certain of the Individual Defendants (the "Agreed Motion"). Upon consideration, and for good cause, the Agreed Motion is GRANTED.

IT IS ORDERED that the above-captioned cases (the "Related Derivative Actions") are hereby consolidated pursuant to Federal Rule of Civil Procedure 42(a), and stayed in their entirety, pursuant to the following terms:

1. Defendants accept service of the complaints in the Related Derivative Actions to the extent that service has not yet been perfected on any Defendant, provided, however, that the acceptance of service shall not waive any rights, claims, and defenses, other than a defense as to the sufficiency of service of process. For the avoidance of doubt, Defendants' reservation of rights, claims, and defenses includes, without limitation, any and all defenses on the merits, any and all jurisdictional defenses, any and all motions to dismiss pursuant to the doctrine of *forum non conveniens*, any and all motions to transfer, any and all other motions that seek relief based on Defendants' position that the Related Derivative Actions must be litigated in the Delaware Court

of Chancery or the United States District Court for the District of Delaware pursuant to Article 7 of the Company's bylaws, and any and all other rights, claims, and defenses, other than a defense as to the sufficiency of service of process. Plaintiffs reserve their rights to oppose any such motion and the relief sought therein.

2. The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 1:24-cv-01031-RP (the "Consolidated Action"), without prejudice to the right of any Defendant to move to sever the claims against it should future circumstances warrant:

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Routh v. Kurtz et al.* | 1:24-cv-01031-RP | September 4, 2024 |
| *Alfonsi v. Kurtz et al.* | 1:24-cv-01075-RP | September 11, 2024 |
| *Silva v. Watzinger et al.* | 1:24-cv-01116-RP | September 20, 2024 |

3. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| IN RE CROWDSTRIKE HOLDINGS, INC. DERIVATIVE LITIGATION | Lead Case No. 1:24-cv-01031-RP |
| This Document Relates to:<br><br>ALL ACTIONS | |

4. All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 1:24-cv-01031-RP.

5. The Consolidated Action is hereby stayed in its entirety pending the entry of a final

4

judgment in *In re CrowdStrike Holdings, Inc. Securities Litigation*, No. 1:24-cv-00857 (W.D. Tex.) (the "Securities Action"), including after any appeals have been pursued and exhausted (the "Stay").

6. Defendants shall promptly notify Plaintiffs upon becoming aware of the filing of any derivative action based upon substantially the same events or asserting substantially the same claims as in the Consolidated Action or the Related Derivative Actions which is not subject to consolidation as set forth in paragraph 14 below ("Additional Derivative Action").

7. Defendants shall promptly notify Plaintiffs if any Additional Derivative Action is not stayed pursuant to the same terms as the Stay of the Consolidated Action. If any Additional Derivative Action is not stayed at all, Plaintiffs may file a motion to lift the Stay (which Defendants shall not oppose). If such Additional Derivative Action is stayed but under different terms and/or for a lesser duration than that set forth in Paragraph 5, Plaintiffs may file a motion to modify the Stay to conform to the terms of the stay and/or the duration of the stay, as appropriate, in such Additional Derivative Action (which Defendants shall not oppose).

8. Plaintiffs may file an amended complaint, however, Defendants need not answer or otherwise respond to the Complaint during the pendency of the Stay.

9. This Order is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions, including, but not limited to, any motions with respect to venue and/or forum. For the avoidance of doubt, if and when the stay is lifted, Defendants will retain all rights reserved to them pursuant to Paragraph 1 above.

* * *

Also before the Court is a motion by Plaintiffs for the entry of a leadership structure and other forms of related relief, as to which Defendants take no position (the "Motion for Additional Relief"). Upon consideration, and for good cause, the Motion for Additional Relief is GRANTED.

IT IS FURTHER ORDERED that:

10. Co-Lead Counsel for Plaintiffs in the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
Saadia Hashmi
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net
shashmi@thebrownlawfirm.net

**GAINEY McKENNA & EGLESTON**
Gregory M. Egleston
260 Madison Ave., 22nd Floor
New York, NY 10016
Telephone: (212) 983-1300
Email: gegleston@gme-law.com

11. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in the Consolidated Action in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

12. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

13. Counsel for Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

14.     This Order shall apply to each shareholder derivative action that arises out of the same, or substantially the same, transactions, or events as these cases and is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re CrowdStrike Holdings, Inc. Derivative Litigation*, Lead Case No. 1:24-cv-01031-RP, is hereafter filed in, removed to, or reassigned to this Court, or transferred here from another court, this Court requests the assistance of Plaintiffs' Co-Lead Counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re CrowdStrike Holdings, Inc. Derivative Litigation*, Lead Case No. 1:24-cv-01031-RP, and Plaintiffs' Co-Lead Counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions filed in this Court that involve substantially similar alleged conduct and questions of law and fact as the Related Derivative Actions, and such shareholder derivative actions shall be consolidated into the Consolidated Action.

15.     All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action.

SIGNED this 21st day of November, 2024.

_____
Robert Pitman
United States District Judge