IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE CROWDSTRIKE HOLDINGS, INC. DERIVATIVE LITIGATION | §<br>§<br>§<br>§<br>§ | 1:24-CV-1031-RP |

**ORDER**

On April 14, 2026, the parties filed a joint stipulation asking the Court to dismiss all claims in these related shareholder derivative actions without prejudice by joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a). (Dkt. 24). The parties also assert that notice to shareholders pursuant to Federal Rule of Civil Procedure 23.1(c) is not required in this case. (*Id.* at 2). Rule 23.1(c) directs that "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c). Federal courts have explained that "[n]otice is essential in these situations to ensure that the dismissal of the derivative suit is in the best interests of the corporation and the absent stockholders . . . the notice provisions of Rule 23.1 have been interpreted to apply to a voluntary dismissal and to a dismissal following consent to the entry of summary judgment in order to prevent such dismissals from being a cloak for a collusive settlement between the plaintiff-stockholder and the defendants." *Papilsky v. Berndt*, 466 F.2d 251, 258 (2d Cir. 1972).

Here, the parties represent that:

> (i) there has been no settlement or compromise of this Consolidated Action; (ii) there has been no collusion among the Parties; (iii) neither Plaintiffs nor their counsel has received or will receive, directly or indirectly, any consideration from Defendants in connection with the dismissal; (iv) the voluntary dismissal is made without prejudice and therefore will not have any preclusive effect on any other action or CrowdStrike shareholder to pursue claims; and (v) Defendants will not suffer any prejudice as they do not oppose this voluntary dismissal.

Given the Parties' representations, the Court is not concerned about collusion and, given that dismissal is without prejudice, is not concerned about res judicata effect on other shareholders.

As a result, the Court will not require notice to stockholders under Rule 23.1(c) in this case. Therefore, the Parties may stipulate to dismissal under Rule 41. "Stipulated dismissals under Rule 41(a)(1)(A)(ii) . . . require no judicial action or approval and are effective automatically upon filing." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013). As a result, as nothing remains to resolve, **IT IS ORDERED** that the case is **CLOSED**.

**SIGNED** on April 16, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE